

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-74,391

**PERRY EUGENE WILLIAMS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL
## FROM HARRIS COUNTY

**PRICE, J., filed a concurring opinion.**

## CONCURRING OPINION

I concur in the result that the majority reaches in this case because I do not believe the

trial court erred in refusing to allow the appellant to waive the mitigation special issue,

notwithstanding our dicta in *Mosley v. State*.[1]  In my view, the Legislature has made the

---

[1] 983 S.W.2d 249, 263-64 (Tex. Crim. App. 1998); *See also Tong v. State*, 25 S.W.3d 707, 711 (Tex. Crim. App. 2000) ("The statement in *Mosley* that appellant claims created a 'newly announced waiver choice' was not necessary to the holding in that case and is therefore *dicta*.").

submission of the mitigation special issue, under Article 37.071, Section 2(e)(1) of the Code of Criminal Procedure, a mandatory, systemic feature of any capital punishment phase, not optional with the parties.[2] A capital defendant cannot "waive" it.

Under our statutory scheme, a trial court may not authorize a death sentence unless and until the jury has made an assessment of the defendant's relative moral culpability in order to determine whether he is deserving of that ultimate punishment.[3] Under the plain language of the statute, the death penalty is not authorized without a jury finding that any mitigating circumstances offered do not, in light of non-statutory aggravating circumstances, warrant a life sentence. The defendant can neither forfeit the submission of the mitigation instruction, by a failure to request it or by some other inaction or omission, nor even affirmatively waive it. The issue does not "belong" to either the State or to the defendant. It is not a "defense" to the death penalty. We have said that *neither* party has a burden with

---

[2]  TEX. CODE CRIM. PROC. art. 37.071, § 2(e)(1) (trial court "shall" instruct the jury that, in the event it answers the applicable special issues under Subsection (b) in the affirmative, it "shall" answer the mitigation special issue).

[3]  *See* former TEX. CODE CRIM. PROC. art. 37.071, § 2(g), as it read prior to its revision to accommodate life without parole at Acts 2005, 79th Leg., ch. 787, § 9, p. 2707, eff. Sept. 1, 2005 ("If the jury returns an affirmative finding on each issue submitted under Subsection (b) of this article and a negative finding on an issue submitted under Subsection (e) of this article, the court shall sentence the defendant to death. If the jury returns a negative finding on any issue submitted under Subsection (b) of this article or an affirmative finding on an issued submitted under Subsection (e) of this article or is unable to answer any issue submitted under Subsection (b) or (e) of this article, the court shall sentence the defendant to confinement in the institutional division of the Texas Department of Criminal Justice for life.")

respect to the issue of mitigation.[4] It is a normative judgment for the jury to make based upon whatever mitigating evidence either side may present, in combination with evidence of whatever non-statutory aggravating circumstances may be offered as relevant to the defendant's moral blameworthiness. According to the plain operation of the statute, the trial court is not permitted to assess the death penalty unless and until the jury has addressed this normative question. That the defendant benefits from an affirmative finding (or a hung jury) on the mitigation special issue does not mean that the issue only comes into play if the evidence "raises" it. A capital defendant under Texas law does not have the option to subject himself to the death penalty without a jury resolution of (or the inability of the jury to resolve) the normative question of his overall death-worthiness. The Legislature has indicated it simply will not tolerate a death sentence otherwise.

It is true that the Legislature has elsewhere provided that a criminal defendant "may waive any rights secured him by law . . . ."[5] But Article 37.071 does not create a "right" on the defendant's part to present mitigating evidence. It is the Eighth Amendment that guarantees that right. The Legislature has implemented that guarantee, not by codifying the constitutional "right," *per se*, but instead by formulating a requirement that, before a trial court may impose a death sentence, a jury must find against the defendant on the issue of his

---

[4]
    *E.g.*, *Howard v. State*, 941 S.W.2d 102, 119-20 (Tex. Crim. App. 1996).

[5]
    Tex. Code Crim. Proc. art. 1.14 (a).

moral blameworthiness.[6] There are no conditions, qualifications, or prerequisites. It is in the nature of a systemic requirement,[7] not a mere "right" of the defendant that he can waive under Article 1.14(a).

I grant that the Legislature *could* have designed the statutory scheme in such a way that capital defendants would have the option to affirmatively waive the mitigation special issue. Had the Legislature in fact enacted such a scheme, it would not likely have run afoul of the Supreme Court's Eighth Amendment jurisprudence with respect to the necessity to authorize capital juries to give full effect to whatever evidence capital defendants might proffer in justification of a sentence less than death.[8] But to my eye, the way the Legislature

---

[6] The statute does not provide, for example, that the defendant has the "right" to present mitigating evidence, and that *if* he does, the trial court shall instruct the jury that it must determine whether that mitigating evidence warrants a life sentence. Instead, it mandates giving the mitigation instruction regardless of whatever mitigating evidence may have been presented at either the guilt or punishment phase of trial. The trial court is simply not authorized to impose a death sentence unless and until this special issue is addressed.

[7] *Marin v. State*, 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993).

[8] Moreover, as a practical matter a capital defendant may simply choose not to present available mitigating evidence. Such a choice presupposes that his trial counsel has fully investigated all available mitigating evidence, *Wiggins v. Smith*, 539 U.S. 510 (2003), and (at least to my way of thinking) adequately advised their client with respect to that evidence and the advantages and disadvantages of foregoing its presentation at the punishment phase of his capital murder trial. *But see Schriro v. Landrigan*, 127 S.Ct. 1933, 1943 (2007) (state court post-conviction holding that capital defendant waived presentation of mitigating evidence was not an objectively unreasonable application of Supreme Court precedent given that the Supreme Court has "never required a specific colloquy to ensure that a defendant knowingly and intelligently refused to present mitigating evidence"). But nothing about the capital defendant's practical choice absolves the trial court of the responsibility of submitting the mitigation issue to the jury, as mandated by Article 37.071. *See also* TEX. CODE CRIM. PROC. art. 36.14 (trial court "shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case").

*did* design the statutory scheme does not make the mitigation special issue optional with the parties. The way our statute works, a jury assessment of moral blameworthiness, *vel non*, is an indispensable step, in the absence of which the trial court *may not impose a death sentence*. For this reason, the State is entitled to insist (and would be entitled to insist on appeal, even though it did not object at trial) that the trial court was correct to refuse to allow the appellant in this case to "waive" submission of the special issue. Without it, the State cannot legitimately obtain a death sentence, under the plain operation of the statute. I cannot conclude that the trial court erred in this case to reject the appellant's attempted waiver of what the statutory scheme plainly contemplates cannot be waived.

Because I do not agree that the trial court erred, I would not proceed, as the majority does, to conduct a harm analysis. For the reasons given, I concur in the Court's judgment that the judgment of the trial court's be affirmed, but do not join the Court's opinion.


Filed:         June 11, 2008
Publish